UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PEDRO PABLO PI-IVIMAS,**

　　　　Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　Case No. 8:05-CV-1538-T-27TBM
　　　　　　　　　　　　　　　　　　　　　　Crim. Case No. 8:04-CR-536-T-27TBM

**UNITED STATES OF AMERICA,**

　　　　Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the United States' Response in Opposition (CV Dkt. 7). Finding that the Petition has no merit, it is DENIED.

Petitioner was charged in a one count Indictment with illegally re-entering the United States, after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). (CR Dkt. 1). On February 7, 2005, Petitioner pled guilty without a plea agreement. (CR Dkt. 19). On May 23, 2005, Petitioner was sentenced to sixty (60) months imprisonment to be followed by three years of supervised release. (CR Dkts. 23, 27).

Pursuant to USSG § 2L1.2(b)(1)(A), Petitioner's offense level was increased by sixteen (16) levels because he had illegally re-entered the United States after having been deported following a criminal conviction for a crime of violence. (CR Dkt. 32, p. 28; PSR, ¶ 15). Petitioner did not appeal his conviction and sentence. The Petition is timely.

Petitioner raises one ground for relief, alleging that his attorney was ineffective in failing to object to the sixteen level increase in his offense level.[1] Petitioner's claim that his attorney should have objected to the sixteen level increase under *Blakely v. Washington*, 542 U.S. 269 (2004) is frivolous. Petitioner's prior conviction for a crime of violence was not disputed and the Court's consideration of the prior conviction did not constitute inappropriate judicial fact finding contrary to *Blakely*. The Court may properly consider the *fact* of a prior conviction without engaging in inappropriate judicial fact finding. *United States v. Gallegos-Aguero*, 409 F.3d 1274 (11th Cir. 2005) ("[t]here is no Sixth Amendment violation when a district court enhances a sentence based on prior convictions"); *see also United States v. Orduno-Mireles*, 405 F.3d 960 (11th Cir. 2005).

To the extent Petitioner contends that his attorney was ineffective in failing to object to imposition of sentence pursuant to the pre-*Booker* mandatory guidelines, that contention is likewise frivolous. Petitioner was sentenced after *United States v. Booker*, 543 U.S. 220 (2005). The district court expressly noted that "the United States Sentencing Guidelines are advisory, but I have considered them as I have the other enumerated factors in § 3553(a) of Title 18 of the United States Code in determining the appropriate sentence in this case." (CR Dkt. 32). Accordingly, there was no *Booker* error and nothing to which counsel could have objected in good faith. Counsel is not required to make a frivolous or non-meritorious motion. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Chandler v. Moore*, 240 F.3d 907, 917-18 (2001)(counsel not ineffective for failing to raise a non-meritorious issue)(citing *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)).

---

[1] In his Reply to the Government's Response (CV Dkt. 9), Petitioner adds that counsel "failed in presenting letters of character, employment, education and in fact all mitigating factors to the Court for its consideration, counsel failed to object to the Court limiting its sentencing discretion to only those factors contained in § 3553(a) and the USS guidelines." (Id. at p. 2).

To the extent that Petitioner complains that counsel did not present mitigating factors for the Court to consider, he has not established that counsel's performance was deficient, and if deficient, that he was prejudiced by deficient performance. In order to demonstrate ineffective assistance of counsel, Petitioner must meet the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(*citing Strickland*, 466 U.S. at 687).

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "Our role in reviewing an ineffective assistance claim is not to 'grade' a lawyer's performance; instead, we determine only whether a lawyer's performance was within 'the wide range of professionally competent assistance.'" *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002)(*quoting Strickland*, 466 U.S. at 690).

Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his ineffective assistance claims necessarily fail. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995). A review of the sentencing transcript confirms that counsel's performance was well within the range of reasonableness. Petitioner points to no fact or argument which could have been made which would have resulted in a sentence less than what he received.

Having considered the Petition and the arguments contained therein, and having reviewed the record "it plainly appears from the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts[2]; 28 U.S.C. § 2255. Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 28th day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record

---

[2] Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."